UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patricia T. Patterson, *a/k/a Patricia Patterson,* | ) C/A No. 0:11-475-MBS-BM ) ) |
| Plaintiff, | ) ) |
| vs. | ) Report and Recommendation ) |
| Brooks P. Goldsmith; and AutoZone, employer and Gallagher Bassett Service, WCC Carrier | ) ) ) ) |
| Defendants. | ) ) ) |

Plaintiff, Patricia T. Patterson (Plaintiff), proceeding *pro se* and *in forma pauperis*, brings this civil action pursuant to 42 U.S.C. §§ 1983, 1985(3), and 1986.[1] The Complaint names

---

[1] Not itself a source of substantive rights, § 1983 is the procedural mechanism through which Congress provided a private civil cause of action based on allegations of federal constitutional violations by "person(s)" acting "under color of state law." *See Jennings v. Davis*, 476 F.2d 1271 (8th Cir. 1973). The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails. *See McKnight v. Rees*, 88 F.3d 417(6th Cir. 1996). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) individual defendant(s) deprived him of a federal right, and (2) did so under color of state law. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980); *see Hall v. Quillen*, 631 F.2d 1154, 1155-56 (4th Cir. 1980).

Section 1985(3) historically was intended to encompass only those conspiracies moti-vated by animus against the kind of classes of individuals Congress was trying to protect when it enacted the Civil Rights Act, namely, those classes of individuals discriminated against based upon race, color, or national origin. *See Griffin v. Breckenridge*, 403 U.S. 88, 102 (1971) (find-ing that "there must be some racial, or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action" to state a cause of action under 42 U.S.C. §1985).

In *Simmons v. Poe*, 47 F.3d 1370 (4th Cir. 1995), the Fourth Circuit observed that:

> The law is well settled that to establish a sufficient cause of action for "conspiracy to deny equal protection of the laws" under section 1985(3), a plaintiff must prove: (1) a conspiracy of two or more persons, (2) who are motivated by a specific



one Defendant, Brooks P. Goldsmith, who is a judge of South Carolina's Sixth Judicial Circuit Court

---

>   class-based, invidiously discriminatory animus to (3) deprive the plaintiff of the equal enjoyment of rights secured by the law to all, (4) and which results in injury to the plaintiff as (5) a consequence of an overt act committed by the defendants in connection with the conspiracy.

47 F.3d at 1376 (citing *Buschi v. Kirven*, 775 F.2d 1240, 1257 (4th Cir. 1985)).  Mere conclusory allegation of a conspiracy will not be sufficient to present a claim under § 1985.  *Id.* at 1377.  Section 1985(3) also requires that a conspiracy must be entered into by "persons."  *Boling v. National Zinc Co.*, 435 F. Supp. 18, 22 (N.D.Ok. 1976).  The analysis of the word "person" is the same under § 1983 and § 1985.  *Dorsett v. N.J. State Police*, C/A. No. 04-CV-5652 (WJM), 2007 U.S. Dist. LEXIS 10512 at *9 (D.N.J. 2007).  The United States Supreme Court has not extended the reach of §1985 to classifications based upon a characteristic other than race.  *See Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 269-70 (1993)(declining to extend the class of individuals covered under §1985 to women seeking an abortion).  However, the Fourth Circuit has determined that §1985 extends to religious discrimination as well.  *See Ward v. Conner*, 657 F.2d 45, 49 (4th Cir. 1981) (finding Plaintiff had asserted a viable complaint under §1985 for religious discrimination).

>   Section 1986 provides:
>
>   Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented; and such damages may be recovered in an action on the case; and any number of persons guilty of such wrongful neglect or refusal may be joined as defendants in the action; and if the death of any party be caused by any such wrongful act and neglect, the legal representatives of the deceased shall have such action therefor, and may recover not exceeding $5,000 damages therein, for the benefit of the widow of the deceased, if there be one, and if there be no widow, then for the benefit of the next of kin of the deceased. But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued.



and another Defendant, AutoZone, which is Plaintiff's former employer.[2]  Plaintiff seeks $8.25 million in damages.

## *PRO SE* AND *IN FORMA PAUPERIS* REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915, and in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

---

[2]  Page two (2) of Plaintiff's Complaint, under the heading "II. Parties, B. Name of Defendant," lists "AutoZone, employer and Gallagher Bassett Service, WCC Carrier." ECF no. 1, p. 2. However, only Defendant Goldsmith's name appears in the caption of Plaintiff's Complaint (ECF No. 1, p. 1), on Plaintiff's Civil Cover Sheet (ECF No. 2), on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 3), and on Plaintiff's proposed summons. As noted elsewhere in this Report and Recommendation, there are no specific factual allegations in the Complaint that AutoZone engaged in any acts pertaining to the particular claims that Plaintiff seeks to raise in the instant case. The Court takes judicial notice of Plaintiff's extensive prior proceedings in this Court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). AutoZone Auto Parts, Inc. and Gallagher Bassett Services, Inc. were named as Defendants in Plaintiff's recent case, *Patterson v. AutoZone Auto Parts, Inc. and Gallagher Bassett Services, Inc.*, C/A No. 0:10-2438-MBS-BM (D.S.C.), which was filed shortly before Plaintiff filed the instant case, and which was summarily dis-missed without prejudice, on February 3, 2011. *See* Order and Opinion, *Patterson v. AutoZone Auto Parts, Inc. and Gallagher Bassett Services, Inc.*, C/A No. 0:10-2438-MBS-BM (D.S.C. Feb. 3, 2011) ECF. No. 26. In at least one other previously filed case, Plaintiff inadvertently listed in her complaint, in section "II. Parties, B. Name of Defendant," the names of three defend-ants in a prior case, and later notified the Court, by letter/motion to amend her complaint, of her "technical errors" and asked the Court to "abstract" those parties from the case. *See* Amended Complaint, *Patterson v. South Carolina Worker's Compensation Commission*, 3:10-2968-MBS-BM (D.S.C. Dec. 7, 2010) ECF. No. 5. It appears that Plaintiff's Complaint in the instant case, in the section titled "II. Parties, B. Name of Defendant," contains a similar typographical error and that Plaintiff did not intend to name AutoZone as a Defendant in this case.

3



This Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. However, to protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B)(i), (ii), (iii).[3] Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995). Further, the Court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31.

This Court is also required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007); *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even when considered under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal, as the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc.Servs.*, 901 F.2d 387 (4th Cir. 1990).

**BACKGROUND**

Plaintiff alleges that Defendant Goldsmith is liable under 42 U.S.C. §§ 1986 and 1983 for "gross negligence for conspiracy liability" in that he 'was properly informed in 6th Circuit

---

[3] A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).



4

Administrative Assistants, Lisha Booth, and Dana Stogner's conspiracy to commit fraud with Erroll Hodges of McAngus, Goudelock, & Courie Law Firm" in violation of 42 U.S.C. § 1985(3), and "Defendant's judicial duty was exercised in a Grossly Negligent manner" when he "failed to take preventable measures to protect Plaintiff's Procedural Due Process." ECF No. 1, p. 4. Plaintiff alleges that

> While permitted to perform tasks outside their judicial capacity, 6th Circuit Court of Common Pleas' Administrative Assistants, Lisha Booth, Dana Stogner initiated a premeditated conspiracy to commit fraud with Erroll Hodges of McAngus, Goudelock, & Courie Law. Prohibited under Title 42 U.S. Code § 1985(3), those conspiracies were properly reported with Defendant, but his judicial duties owed to Plaintiff were neglected. Those acts deprived privileges guaranteed under SC WCC Act and U.S. Constitution. Pursuant to Title 42 U.S. Code § 1986 and 42 U.S. Code § 1983, as supervision over Administrative Assistants, Defendant is liable for damages of conspiracy within 6th Circuit Court of Common Pleas. Pursuant to Title 42 U.S. Code § 1985(3), a premeditated conspiracy to commit fraud was initiated with racial and pro se motivations. Eroll Hodges of McAngus, Goudelock, & Courie Law Firm, Lisha Booth and Dana Stogner, 6th Circuit Court Administrative Assistants, conspired to prevent awards of WCC benefit.

ECF No. 1, p. 9-10.

Plaintiff makes no specific factual allegations in the Complaint that Defendant AutoZone engaged in any acts with Defendant Goldsmith or with any of the alleged conspirators who are not named as Defendants in this case, or that Defendant AutoZone had any knowledge of such alleged conspiracy or took any act in furtherance of the object of the alleged conspiracy, pertaining to the particular claims under 42 U.S.C. §§ 1983, 1985(3), and 1986 that Plaintiff seeks to raise in the instant case. Plaintiff simply recounts in the Complaint, as part of the history of her alleged work-related injury and subsequent proceedings before the state administrative agency and in state court, that:



> Employment began with AutoZone February of 2000 when job consisted of repetitive heavy lifting; A right lumbar hernia was sustained July 26, 2004 in the course of employment; A Physical Capacity Form was supplied with Employer after returning to work prematurely January 2, 2005. Employer began re-enforcing store policies that imposed lifting when additional injuries were sustained April 17, 2005 and April 19, 2005; In employer's negligence to accommodate restrictions, a WCC Sedentary Form was faxed November 3, 2005 with employer; Plaintiff was forced on a permanent leave-of-absence November 14, 2005 for inability to sustain employment under doctor's restrictions.

ECF No. 1, p. 5-6.

## DISCUSSION

As a threshold matter, Plaintiff's Complaint contains absolutely no allegations of any kind, much less of wrongdoing, against Defendant AutoZone, concerning its alleged knowledge of, or involvement in acts taken in furtherance of, the alleged conspiracy in violation of 42 U.S.C. §§ 1983, 1985(3), and 1986 to deprive Plaintiff of her right to equal protection or equal privileges and immunities under the law. In the absence of substantive allegations of wrongdoing against Defendant AutoZone, there is nothing from which this Court can liberally construe any type of plausible cause of action against it arising from the Complaint, as it is well settled that federal courts performing their duties of construing *pro se* pleadings are not required to be "mind readers" or "advocates" for *pro se* litigants. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Under 28 U.S.C. § 1915(e)(2)(B), this Court should dismiss an action filed by a litigant proceeding *in forma pauperis* which is "frivolous" or "fails to state a claim on which relief may be granted," and since there are no allegations whatsoever of any wrongdoing on the part of Defendant AutoZone, Plaintiff's Complaint is both frivolous and fails to state a claim on which relief can be granted, as to this Defendant. *See Cochran v. Morris*, 73 F.2d 1310 (4th Cir. 1996)(statute allowing the dismissal of *in forma pauperis*



claims encompasses complaints that are either legally or factually baseless); *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 389 n. 2 (4th Cir. 1990)(dismissal proper where there were no allegations to support claim); *Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999); *see also Kuhn v. Milwaukee County*, No. 02-3522, 59 Fed. Appx. 148, *2 (7th Cir., Feb. 18, 2003).

Defendant Brooks P. Goldsmith, a judge of the Sixth Judicial Circuit of South Carolina, is immune from Plaintiff's claim for damages in this case. The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, Magistrate's Courts, and Municipal Courts are in a unified judicial system. *See* S.C. CONST. art. V, § 1; *City of Pickens v. Schmitz*, 297 S.C. 253, 376 S.E.2d 271 (S.C. 1989); *Cort Industries Corp. v. Swirl, Inc.*, 264 S.C. 142, 213 S.E.2d 445 (S.C. 1975). As South Carolina Circuit Court Judges are part of the State of South Carolina's unified judicial system, they have absolute immunity from claims for damages arising out of their judicial actions. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985)("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions"). *See also Siegert v. Gilley*, 500 U.S. 226, 231 (1991)(immunity presents a threshold question which should be resolved before discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)(absolute immunity "is an immunity from suit rather than a mere defense to liability"). "Judges and magistrates are absolutely immune from liability for damages for acts performed within their judicial jurisdiction. This immunity not only includes damage actions under 42 U.S.C. §§ 1983, 1985 and 1986, but also suits under other civil rights legislation." *Lundt v.*



*Hodges*, 627 F. Supp. 373, 375 (N.D. Ia. 1985)(citing *Stump*, 435 U.S. at 364; *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967) abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)).

Plaintiff's Complaint against Defendant Goldsmith results from acts taken in his judicial capacity within the jurisdiction of South Carolina's Sixth Judicial Circuit Court of Common Pleas. In fact, Plaintiff has previously filed numerous lawsuits in this Court against numerous entities and individuals seeking, in essence, to overturn Defendant Goldsmith's Court's denial of Plaintiff's appeal of the South Carolina Worker's Compensation Commission's adverse decision on her claim for an award of permanent disability.[4] The alleged acts complained of in Plaintiff's Complaint involve Defendant Goldsmith's performance of his official duties, in open court and in chambers, in connection with Plaintiff's case, while it was pending in Defendant Goldsmith's court.[5]

---

[4] The Court takes judicial notice of Plaintiff's prior proceedings in this Court. *See Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989)("We note that '[t]he most frequent use of judicial notice is in noticing the content of court records.'"). This case is the eleventh lawsuit that Plaintiff has filed arising out of the denial of her South Carolina Worker's Compensation claim and her unsuccessful appeal of that denial in South Carolina's Sixth Circuit Court of Common Pleas. While attempting to assert different causes of action against different defendants, the lawsuits have all concerned the same basic operative facts and involved claims which arose out of - and are "inextricably intertwined" - with the issues that were ruled upon by the state commission and the state court. *See Patterson v. Lancaster County Court of Common Pleas*, 0:10-3099-MBS-BM (D.S.C.) voluntarily dismissed by Plaintiff; *Patterson v. Goudelock et al*, 3:10-3019-MBS-BM (D.S.C.) summary dismissal recommended by Report and Recommendations filed on Dec. 16, 2010; *Patterson v. South Carolina Worker's Compensation Commission*, 3:10-2968-MBS-BM (D.S.C.) pending; *Patterson v. Dana Stogner; Lisha Booth*, 0:10-2456-CMC-BM (D.S.C.) summarily dismissed; *Patterson v. AutoZone Auto Parts, Inc. and Gallagher Bassett Services, Inc.*, C/A No. 0:10-2438-MBS-BM (D.S.C.) summarily dismissed; *Patterson v. Funderburk et al*, 0:676-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Barber et al*, 0:10-25-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Shearous*, 0:09-2829-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Benson et al*, 0:09-2478-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal; *Patterson v. Richstad*, 0:09-2051-MBS-BM (D.S.C.) summarily dismissed, affirmed on appeal.

[5] While Plaintiff alleges that Judge Goldsmith's administrative assistants "perform[ed] tasks outside their judicial capacity," neither assistant is named as a Defendant in this case. As noted

8



Plaintiff fails to allege any facts showing that Defendant Goldsmith acted in the clear absence of all jurisdiction, thus Defendant Goldsmith is entitled to absolute immunity from any claim for damages that Plaintiff may assert. *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) ["[T]his immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction."].

In addition, this Court's consideration of the merits of Plaintiff's allegations is barred by the *Rooker-Feldman* doctrine. Pursuant to the *Rooker-Feldman* doctrine, lower federal courts may not review state-court decisions, except in habeas corpus actions. *Shooting Point, L.L.C. v. Cumming*, 368 F.3d 379, 383 (4th Cir. 2004); *Jordahl v. Democratic Party*, 122 F.3d 192, 199 (4th Cir. 1997). This includes decisions made by a state's highest court as well as decisions made by

---

above, this Court has previously summarily dismissed a case brought by Plaintiff against these two individuals and Plaintiff has voluntarily dismissed another case against their employer, the Lancaster County [South Carolina Sixth Judicial Circuit] Court of Common Pleas, after the undersigned United States Magistrate Judge recommended that this Court summarily dismiss the case. *See* Opinion and Order, *Patterson v. Dana Stogner; Lisha Booth*, 0:10-2456-CMC-BM (D.S.C. Nov. 22, 2010) ECF No. 14; Report and Recommendations; Plaintiff's Notice of Voluntary Dismissal, *Patterson v. Lancaster County Court of Common Pleas*, 0:10-3099-MBS-BM (D.S.C. Dec. 17, 2010, Jan. 3, 2011) ECF Nos. 9, 12. In the previous case, No. 10-2456, the Court determined that Stogner and Booth acted within the scope of their official duties and were entitled to quasi-judicial immunity from suit, and summarily dismissed Plaintiff's claims against them, without prejudice and without issuance and service of process. Although such dismissal does not serve to bar subsequent similar allegations and claims under the doctrine of *res judicata* or *collateral estoppel*, such allegations and claims are duplicative and redundant and may be subject to summary dismissal in the interests of judicial economy and efficiency. A plaintiff should not be allowed to "bring piece-meal litigation by naming different defendants and alleging new causes of action, when all of his claims arise from the same operative facts." *Ali v. Jeng*, 1996 U.S. App. LEXIS 1329 at *8 (4th Cir. June 4, 1996)(affirming award of summary judgment based on *collateral estoppel* and *res judicata*). In *Aloe Creme Laboratories, Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970), the United States Court of Appeals for the Fifth Circuit commented, "The District Court clearly had the right to take notice of its own files and records and it had no duty to grind the same corn a second time. Once was sufficient."



9

lower state courts. *Shooting Point*, 368 F.3d at 379 (citing *Jordahl*, 122 F.3d at 199). The *Rooker-Feldman* jurisdictional bar "extends not only to issues actually decided by a state court but also to those that are inextricably intertwined with questions ruled upon by a state court." *Shooting Point*, 368 F.3d at 383 (internal quotation marks omitted). A federal claim is "inextricably intertwined" with a state court decision "if in order to grant the federal plaintiff the relief sought, the federal court must determine that the state court judgment was erroneously entered or must take action that would render the judgment ineffectual. . . ." *Jordahl*, 122 F.3d at 202. The undersigned United States Magistrate Judge finds that Plaintiff's claims are barred by the *Rooker-Feldman* doctrine, in the instant case, for the same reasons that the Court summarily dismissed Plaintiff's claims in *Patterson v. Dana Stogner; Lisha Booth*, 0:10-2456-CMC-BM (D.S.C.) and *Patterson v. AutoZone Auto Parts, Inc. and Gallagher Bassett Services, Inc.*, C/A No. 0:10-2438-MBS-BM (D.S.C.)., *i.e.* they are "inextricably intertwined" with questions ruled upon by a state court. Thus, any decision on the merits of Plaintiff's claims would require this Court to find that decisions issued by the state court were improperly entered. *See Dye v. Hatfield, No.* Civ.1:03CV01077, 2004 U.S. Dist. LEXIS 27833 at *17-20 (M.D.N.C. Aug. 26, 2004)(finding that plaintiffs' civil rights claims based upon an alleged conspiracy among "virtually everyone involved with the North Carolina state court system" were barred by the *Rooker-Feldman* doctrine because a ruling in favor of plaintiffs would "necessarily require the court to find that a state court wrongly decided certain issues" or "improperly entered orders and judgments" against the plaintiffs); *Newman v. Alexander*, 2003 U.S. Dist. LEXIS 5180 at *13, 2003 (W.D. Va. 2003) (finding that *Rooker-Feldman* doctrine barred the court from hearing claims made by a plaintiff seeking to attack her criminal conviction by accusing judicial officers of conspiring against her because such claims seek a determination that state court



decisions were wrong). The *Rooker-Feldman* doctrine prevents Plaintiff, who lost her case in state court, "from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Brown & Root. Inc. v. Breckenridge*, 211 F.3d 194, 198 (4th Cir. 2000)(quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06, 129 L. Ed. 2d 775, 114 S. Ct. 2647 (1994)).

## RECOMMENDATION

Accordingly, it is recommended that the Court dismiss the Complaint in the above-captioned case without prejudice and without issuance and service of process. Plaintiff's attention is directed to the important notice on the next page.

_____
Bristow Marchant
United States Magistrate Judge

March 8, 2011
Charleston, South Carolina



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

