IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Patricia T. Patterson, | ) | |
| | ) | Civil Action No. 0:11-475-MBS |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER AND OPINION** |
| | ) | |
| Brooks P. Goldsmith and AutoZone, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

On February 28, 2011, Patricia T. Patterson ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed an action in this Court against the Honorable Brooks P. Goldsmith, a South Carolina Circuit Court judge; and AutoZone, Plaintiff's former employer. *See* ECF No. 9 at 2-3. Plaintiff states causes of action under 42 U.S.C. §§ 1983, 1985(3), and 1986, alleging a conspiracy to violate her constitutional rights. ECF No. 1 at 5. Plaintiff seeks damages in the amount of $8.25 million. *Id.* at 19-20. Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. The Magistrate Judge reviewed the complaint pursuant to the provisions of 28 U.S.C. §§ 1915 and 1915A.

On March 3, 2011, the Magistrate Judge issued a Report and Recommendation in which he found that "Plaintiff's Complaint contains absolutely no allegation of any kind, much less of wrongdoing, against Defendant AutoZone, concerning its alleged knowledge of, or involvement in acts taken in furtherance of, the alleged conspiracy."[1] *Id.* at 6. Because "there is nothing from

---

[1] The Magistrate Judge suspected, based on inconsistencies in Plaintiff's filings in this case and Plaintiff's actions in prior cases in this district, that Plaintiff did not intend to name AutoZone as a defendant in this present case. ECF No. 9 at 3 n.2. The

1

which [the] Court can liberally construe any type of plausible cause of action against [AutoZone] arising from the Complaint," the Magistrate Judge recommended that the action against AutoZone be summarily dismissed. *Id.* at 6-7. Additionally, the Magistrate Judge found that Plaintiff's claims against Defendant Goldsmith arise from acts taken in his judicial capacity on the Sixth Judicial Circuit Court. *Id.* at 7-8. Because "a judge is absolutely immune from a claim for damages arising out of his judicial actions," *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985), the Magistrate Judge recommended that the action against Defendant Goldsmith be summarily dismissed. *Id.* at 7-9. Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on March 16, 2011. ECF No. 11.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). This Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). This Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.*

**DISCUSSION**

In Plaintiff's objections, she argues that "[t]his claim was not pursued against AutoZone" and that "this Complaint was filed . . . only against Brooks P. Goldsmith." ECF No. 11 at 1-2. Because Plaintiff does not object to the Magistrate Judge's finding that no claims were stated against AutoZone, and because Plaintiff agrees that AutoZone was named as a defendant in

---

Magistrate Judge nonetheless considered any claims Plaintiff may have asserted against AutoZone.

error, this Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's action against Defendant AutoZone.

Plaintiff argues that "Defendant [Goldsmith] is not immune from damages under" 42 U.S.C. §§ 1983, 1985(3), and 1986.  ECF No. 11 at 24.  However, Plaintiff cites no authority in support of this proposition.  As the Magistrate Judge noted, it is a matter of settled law that a judge is immune from a suit for damages based on actions taken in his official capacity.  Additionally, absolute immunity "is an immunity from suit rather than a mere defense to liability."  *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985).  For this reason, this Court adopts the Magistrate Judge's recommendation to dismiss Plaintiff's action against Defendant Goldsmith.

## CONCLUSION

After a *de novo* review of the record in this case, the Court determines that Plaintiff's objections to the Magistrate Judge's Report and Recommendation are without merit.  Accordingly, the Court adopts Magistrate Judge Marchant's Report and Recommendation and incorporates it herein.  Plaintiff's action is dismissed without prejudice and without issuance or service of process.

**IT IS SO ORDERED.**

                    s/ Margaret B. Seymour
                    Margaret B. Seymour
                    United States District Judge

Columbia, South Carolina
October 17, 2011